IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Travis Bernard Johnson, ) | Criminal Action No.: 4:08-cr-1166-RBH-1 |
| ) | Civil Action No.: 4:14-cv-3714-RBH |
| Petitioner, ) | |
| ) | |
| v. ) | |
| ) | **ORDER** |
| United States of America, ) | |
| ) | |
| Respondent. ) | |
| ) | |

Pending before the Court is Travis Bernard Johnson's ("Petitioner's") Motion to Vacate, Set Aside, or Correct Sentence ("Motion to Vacate") pursuant to 28 U.S.C. § 2255, *see* ECF No. 44. Petitioner is represented by the Federal Public Defender's office for purposes of this motion to vacate. For the following reasons, Petitioner's Motion to Vacate is dismissed.[1]

**PROCEDURAL HISTORY AND FACTUAL BACKGROUND**

On November 18, 2008, a federal grand jury returned a six count indictment against Petitioner. *See* Indictment, ECF No. 2. The indictment charged Petitioner with various drug and firearm offenses. *See id*. at 1–4.

On April 9, 2009, Petitioner entered into a written plea agreement. *See* Plea Agreement, ECF No. 27. In the plea agreement, Petitioner agreed to plead guilty to Counts 5 and 6 of the indictment, and in exchange the Government agreed to move for a downward departure pursuant to United States Sentencing Guideline ("USSG") § 5K1.1, 18 U.S.C. § 3553(e), or Federal Rule of

---

[1] Because the pleadings, files, and records conclusively show that Petitioner is not entitled to relief, an evidentiary hearing is not necessary. *United States v. Diaz*, 547 Fed. App'x 303, 304 (4th Cir. 2013) (citing *United States v. Witherspoon*, 231 F.3d 923, 925–27 (4th Cir. 2000)); *see also United States v. Yearwood*, 863 F.2d 6, 7 (4th Cir. 1988), *abrogated on other grounds by Padilla v. Kentucky*, 559 U.S. 356 (2010) (citing *United States v. Baysden*, 326 F.2d 629, 631 (4th Cir. 1964)) (recognizing that "[a] hearing is not required . . . on a § 2255 motion if the record of the case conclusively shows that petitioner is entitled to no relief").

Criminal Procedure 35(b) if it deemed Petitioner's cooperation to constitute substantial assistance. *See id.* at 6–7. On June 10, 2009, the Court sentenced Petitioner to a total term of 90 months. *See* Minute Entry, ECF No. 36; Judgment, ECF No. 39.

An appeal has not been filed in this matter. However, on September 19, 2014, Petitioner filed the instant Motion to Vacate. *See* ECF No. 44. At the Government's request, the matter was stayed pending the Fourth Circuit's *en banc* review of the panel's decision in *Whiteside v. United States*, 748 F.3d 541 (4th Cir. 2014). On December 19, 2014, the Fourth Circuit issued its *en banc* decision in *Whiteside*, *see* __ F.3d __, 2014 WL 7245453 (4th Cir. Dec. 19, 2014). Accordingly, on December 29, 2014, the Court lifted the stay and directed the Government to file a response. The Government filed a motion to dismiss and response to Petitioner's motion to vacate on December 29, 2014. *See* ECF Nos. 50–51.

Petitioner's Motion to Vacate alleges the following ground for relief:

> **Ground 1**: The defendant was erroneously found to have a prior conviction for a crime of violence, ABHAN, thereby increasing his offense level under U.S.S.G. Section 2K2.1 to Offense Level 20.

ECF No. 44 at 5.

## APPLICABLE LAW

Prisoners in federal custody may attack the validity of their sentences pursuant to 28 U.S.C. § 2255. In order to move the court to vacate, set aside, or correct a sentence under § 2255, a petitioner must prove that one of the following occurred: (1) a sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose such a sentence; (3) the sentence was in excess of the maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255(a).

In deciding a motion to vacate, the court may summarily dismiss the motion "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief." Rules Governing Section 2255 Proceedings 4(b); *see* 28 U.S.C. § 2255(b) (a hearing is not required on a § 2255 motion if the record of the case conclusively shows that petitioner is entitled to no relief). An evidentiary hearing "is required when a movant presents a colorable [] claim showing disputed material facts and a credibility determination is necessary to resolve the issue." *United States v. Coon*, 205 Fed. App'x 972, 973 (4th Cir. 2006) (citing *United States v. Witherspoon*, 231 F.3d 923, 925–27 (4th Cir. 2000)). However, a hearing is not required unless the claim shows "disputed facts involving inconsistencies beyond the record." *United States v. Robinson*, 238 Fed. App'x 954, 955 (4th Cir. 2007). Conclusory allegations contained within affidavits do not require a hearing. *Strong v. Johnson*, 495 F.3d 134, 139–40 (4th Cir. 2007). "Thus, no hearing is required if the petitioner's allegations 'cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact.'" *Arredondo v. United States*, 178 F.3d 778, 782 (6th Cir. 1999) (quoting *Engelen v. United States*, 68 F.3d 238, 240 (8th Cir. 1995)).

**ANALYSIS**

Petitioner contends that in light of the original panel decision in *Whiteside*, *United States v. Hemingway*, 734 F.3d 323 (4th Cir. 2013), and *Descamps v. United States*, __ U.S. __, 133 S. Ct. 2276 (2013), his base offense level was incorrectly determined due to the conclusion that his prior conviction for Assault and Battery of a High and Aggravated Nature ("ABHAN") was a crime of violence. *See* ECF No. 44-1 at 1. Petitioner contends that, based on the panel's ruling in *Whiteside*, he should be entitled to equitable tolling of the statute of limitations for filing a § 2255 petition. *See generally id.* at 2–4.

As previously noted, the Government requested that this matter be stayed while it sought rehearing *en banc* of the panel decision in *Whiteside*, which the Court granted. *See* Mot., ECF No. 46; Text Order, ECF No. 47. In *Whiteside*, the Petitioner filed a motion to vacate, set aside, or correct his sentence, arguing that in light of *United States v. Simmons*, 649 F.3d 237 (4th Cir. 2011), he did not qualify as a career offender and that he should be resentenced without the enhancement. *See* 748 F.3d at 544–45. The petition, however, was untimely as it was filed more than a year after the conviction became final. *See id.* Nevertheless, the court determined that the statute of limitations should be equitably tolled because Whiteside was unable "to obtain meaningful relief prior to [the Fourth Circuit's] decision in *Simmons*." *Id.* at 548. The court then examined whether Whiteside's challenge was cognizable on collateral review and determined that "an erroneous application of the career offender enhancement amounts to a fundamental miscarriage of justice that is cognizable on collateral review." *Id.* at 552.

The Government filed a petition for rehearing *en banc*, which the Fourth Circuit granted on July 10, 2014. *See* 578 Fed. App'x 218 (4th Cir. 2014). On December 19, 2014, the Fourth Circuit issued its *en banc* decision affirming the District Court's dismissal of Whiteside's petition as untimely. *See* 2014 WL 7245453. The court found that Whiteside's statute of limitations had expired, equitable tolling did not apply, and dismissal of the petition was appropriate. The court rejected Whiteside's argument that the petition was timely under 28 U.S.C. § 2255(f)(4), finding that *Simmons* was a change in law, not a new fact. *See id.* at *3. Moreover, the Court found that equitable tolling did not apply because "the only impediment to timely filing was the discouragement felt by petitioner when calculating his odds of success." *Id.* at *6. § 2255(f)(3) governs when tolling would lie as a result of a change in law, and only applies where "the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by

4

the Supreme Court and made retroactively applicable to cases on collateral review." 28 U.S.C. § 2255(f)(3).

Accordingly, the Government filed a response to Petitioner's motion to vacate requesting that the Court dismiss the motion in light of the *en banc* decision in *Whiteside*. The Government notes that the present petition involves the same statute of limitations hurdle as Whiteside's petition. *See* ECF No. 50 at 5. Petitioner's judgment and conviction was entered on June 10, 2009, but he did not file his petition until September 19, 2014, over five years after his conviction became final. He relies on a change in law—the Fourth Circuit's ruling in *United States v. Hemingway* that ABHAN does not qualify as a crime of violence for armed career criminal purposes—to argue that the petition is timely. The *en banc* decision in Whiteside specifically found, however, that a change in law does not qualify as a new "fact" under § 2255(f)(4).

Moreover, as the Government notes, the Fourth Circuit rejected the exact same equitable tolling argument that Petitioner makes in this case in *Whiteside*. *See id.* Petitioner's mere recognition that it would have been "useless to challenge the crime of violence on appeal until after *Hemingway* was decided," fails to establish that equitable tolling is appropriate. Moreover, as the Government explains, *Hemingway* does not represent a right that "has been newly recognized by the <u>Supreme Court</u> made retroactively applicable to cases on collateral review." 28 U.S.C. § 2255(f)(3) (emphasis added). Thus, equitable tolling under § 2255(f)(3) is not appropriate either. Finally, the Government asserts that Petitioner's underlying claim that the wrong advisory guideline range was applied to his case is not even appropriate on collateral review. *See* ECF No. 50 at 6–7.

As the Government correctly explained in its motion to dismiss, the Fourth Circuit's *en banc* decision in *Whiteside* is dispositive of this petition. Petitioner's petition was not timely filed and the Fourth Circuit's subsequent change of circuit law in *Hemingway* does not provide a basis for

5

equitably tolling the statute of limitations. Accordingly, the Court grants the Government's motion to dismiss.

## CERTIFICATE OF APPEALABILITY

A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When the district court denies relief on the merits, a prisoner satisfies this standard by demonstrating that reasonable jurists would find that the court's assessment of the constitutional claims is debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484, (2000); *see Miller–El v. Cockrell*, 537 U.S. 322, 336–38 (2003). When the district court denies relief on procedural grounds, the prisoner must demonstrate *both* that the dispositive procedural ruling is debatable, and that the petition states a debatable claim of the denial of a constitutional right. *Slack*, 529 U.S. at 484–85. In the instant matter, the Court concludes that Petitioner has failed to make the requisite showing of "the denial of a constitutional right."

## CONCLUSION

Having thoroughly reviewed the entire record and the applicable law, the Court finds that Petitioner's Motion to Vacate is without merit, and that no evidentiary hearing is needed.

Based on the foregoing, it is **ORDERED** that Respondent's Motion to Dismiss is **GRANTED** and Petitioner's Motion to Vacate is **DISMISSED** *with prejudice*. **IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED** because the Petitioner has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

**IT IS SO ORDERED.**

        s/ R. Bryan Harwell  
        R. Bryan Harwell  
        United States District Judge

Florence, South Carolina  
December 30, 2014